SHAO YONG ZHOU–WU, also known
as Shao Yong Zhou, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 07–5348–ag.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2008.

Sheema Chaudhry, Law Offices of Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigra-

tion Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shao Yong Zhou–Wu, a native and citizen of the People's Republic of China, seeks review of a November 5, 2007 order of the BIA affirming the March 29, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shao Yong Zhou–Wu,* No. A 98 990 624 (B.I.A. Nov. 5, 2007), *aff'g* No. A 98 990 624 (Immig. Ct. N.Y. City, Mar. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In his brief to this Court, Zhou–Wu fails specifically to address all but one of the findings made by the IJ in support of his adverse credibility determination. Instead, Zhou–Wu, through counsel Sheema Chaudhry of the Law Offices of Michael Brown, argues conclusorily that "there were no inconsistencies or contradictions in his testimony," disputing only the IJ's finding concerning whether Zhou–Wu testified that he resumed working after his October 2004 detention.

Notwithstanding that the single credibility finding which Zhou–Wu contests appears to be flawed, he has otherwise failed meaningfully to challenge the IJ's adverse credibility determination before this Court.

Because addressing this challenge does not appear to be necessary to avoid manifest injustice, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

Having concluded that any challenge to the IJ's adverse credibility finding has been waived, we nonetheless note that such finding was supported by the evidence. The IJ's finding was reasonably based on inconsistencies and implausibilities in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey,* 509 F.3d 63, 68 (2d Cir. 2007). Furthermore, Zhou–Wu's failure to corroborate his testimony with an affidavit from the friend who was aware that he practiced Falun Gong bore on his credibility, because his deficient corroboration rendered him unable to rehabilitate the testimony that had already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review. The unopposed pending motion for a stay of removal in this petition is DISMISSED as moot.